FILED _____    _____ RECEIVED
_____ ENTERED    _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 2 3 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ARISTOCRAT TECHNOLOGIES, INC., a Nevada Corporation; and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED LTD., an Australian corporation,

Plaintiffs,

v.

HIGH IMPACT DESIGN & ENTERTAINMENT, a Nevada corporation; WILLIAM RANDAL ADAMS, an individual; RAFAEL ACOSTA, an individual; HIGH IMPACT DESIGN AND ENTERTAINMENT, S.A., a Venezuelan Corporation ,

Defendants.

2:07-CV-01033-BES-LRL

**ORDER**

Presently before the Court is Defendants High Impact Design & Entertainment of Nevada ("HIDE Nevada") and William Randall Adams' ("Adams") Motion to Dismiss Case not Commenced within Three Years (#42) filed February 17, 2009. Defendant Rafael Acosta ("Acosta") filed an identical Motion to Dismiss Case not Commenced within Three Years (#45) on February 24, 2009. Plaintiffs Aristocrat Technologies, Inc. ("ATI") and Aristocrat Technologies Australia ("ATA") (collectively "Plaintiffs") filed their Oppositions to these motions (#48, 49) on March 9, 2009. HIDE Nevada, Adams, and Acosta filed their Reply (#52) on March 23, 2009.

## I. BACKGROUND

This matter arises out of sale of gaming machines and the allegedly unauthorized registration of the Aristocrat trademark in Venezuela. Plaintiffs are manufacturers, licensors,

1

and worldwide distributors of electronic gaming machines.  Plaintiffs own trademark rights and registrations in the Aristocrat word mark and the Aristocrat design mark in the United States and other jurisdictions throughout the world.  (Am. Compl. (#24) ¶19). On or about December 11, 2000, HIDE Nevada agreed to purchase various electronic gaming machines from ATI. Id. ¶20.  Over the course of the next two years, the parties entered into several agreements under which HIDE Nevada agreed to lease and purchase ATI's gaming machines for placement in various locations in Venezuela.  Id. ¶¶21-23.  The agreements allegedly included provisions stating that ATI retained all rights, title and interest in its trademarks, and HIDE Nevada had no such rights.  Id.

On or about June 5, 2003, without Plaintiffs' knowledge or consent, Defendants applied for registration of Aristocrat's design mark and trade name in Venezuela.  Id. ¶26.  Plaintiffs believe that HIDE Nevada, Acosta, and/or Adams own, control and/or direct HIDE Venezuela. Id. ¶25.  In December 2003, Plaintiffs learned of HIDE Venezuela's application to register Aristocrat's design mark and trade name in Venezuela, and allegedly demanded that HIDE Venezuela withdraw the application.  Id. ¶¶27-28.  In response, Acosta explained that HIDE Venezuela would assign the trademark and logo to Plaintiffs, and that it would be a mistake to withdraw the filing because it would cost the parties time and money.  Id. ¶28.  Allegedly in reliance on these representations, Plaintiffs did not take any action at that time to oppose HIDE Venezuela's application to register the Aristocrat name and trademark in Venezuela.  The trademark and trade name registration was granted to HIDE Venezuela in July 2004. Id. ¶29-30.

After HIDE Venezuela was granted the trademark and trade name registration, Plaintiffs requested that the Defendants assign the Aristocrat trademark and trade name to them, but Defendants refused to do so. Id. ¶31.  Plaintiffs also allege that, in May 2006, HIDE Venezuela asked the Servico Nacional Integrado de Administracion Tributaria of Venezuela to order Venezuelan customs authorities to restrict the import of Plaintiffs' products into Venezuela.  Id. ¶32. Additionally, Plaintiffs maintain that Defendants have continually refused to pay them the money ATI is due under the parties' various agreements.  Id. ¶34.

1    Plaintiffs filed suit in this Court (#1) against HIDE Venezuela on August 3, 2007 alleging
2  breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, unjust
3  enrichment and requesting declaratory relief. (Compl. (#1) ¶¶24-47). Due to HIDE Venezuela's
4  failure to respond, the Court Clerk entered default against it on May 27, 2008.  On June 23,
5  2008, HIDE Venezuela filed a motion to set aside the default which this Court granted on
6  February 10, 2009. (Order (#41) 12).  In addition, on August 18, 2008, Plaintiffs filed a First
7  Amended Complaint renaming HIDE Venezuela, and adding HIDE Nevada, Adams and Acosta.
8  (Am. Compl. (#24) 1).  Defendants filed a motion to dismiss the Amended Complaint for lack
9  of subject matter jurisdiction which this Court denied on February 10, 2009. (Order (#41) 12).
10  Shortly after the Court issued this Order, Adams, HIDE Nevada, and Acosta filed additional
11  Motions to Dismiss (#42, 45).    HIDE Venezuela filed an Answer to the First Amended
12  Complaint (#44) on February 24, 2009.

13                                    **II. LEGAL STANDARD**

14    In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P.
15  12(b)(6), the court must accept as true all material allegations in the complaint as well as all
16  reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d
17  1146, 1150 (9th Cir. 2000).  The allegations of the complaint also must be construed in the
18  light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th
19  Cir. 2000).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal
20  sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  However,
21  there is a strong presumption against dismissing an action for failure to state a claim. See
22  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  A plaintiff
23  must make sufficient factual allegations to establish a plausible entitlement to relief. Bell
24  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

25                                        **III. DISCUSSION**

26    Defendants HIDE Nevada, Adams and Acosta ("the Moving Defendants") argue that
27  Plaintiffs' claim for trademark infringement under the Lanham Act was not timely commenced
28  and should therefore be dismissed. (Def.'s Mot. (#42) 1).  Specifically, the Moving Defendants

1  argue that the doctrine of laches should apply to bar Plaintiffs' claims because there was
2  almost a four-year gap between the date that Plaintiffs learned of the Defendants' application
3  for trademark registration in Venezuela and the date that Plaintiffs filed suit.[1]  The Moving
4  Defendants argue that the analogous statute of limitations under Nevada law is three years,
5  and because Plaintiffs waited more than four years to file suit, their suit should be barred as
6  untimely.  Id. at 2-3.  In response, Plaintiffs argue that the applicable statute of limitations
7  period is four years and therefore their suit was timely filed. (Pl.'s Opp'n (#48) 4-5).  Plaintiffs
8  further argue that even if the three-year statute of limitations period is applied, their suit is not
9  barred by the doctrine of laches given that the Moving Defendants have not shown either
10  unreasonable delay or prejudice.  Id. at 7-8.

11       "Laches is an equitable time limitation on a party's right to bring suit."  Jarrow Formulas,
12  Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002).  It is well established that laches
13  is a valid defense to Lanham Act claims.  Id. (citations omitted).  A party asserting laches must
14  show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit.  Id.
15  Specifically, the Ninth Circuit has applied laches to bar trademark infringement claims where
16  the trademark holder "knowingly allowed the infringing mark to be used without objection for
17  a lengthy period of time."  Brookfield Communications, Inc. v. West Coast Entertainment
18  Corp., 174 F.3d 1036, 1061 (9th Cir. 1999).

19       While laches and the statute of limitations are distinct defenses, if the plaintiff filed a
20  Lanham Act claim within the analogous limitations period under state law, courts strongly
21  presume that laches is inapplicable.  Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126,
22  1138-39 (9th Cir. 2006).  If the plaintiff filed suit outside the analogous period, courts have
23  often presumed that laches is applicable.  Id. at 1139.  Because the Lanham Act contains no
24  explicit statute of limitation, courts "borrow" the analogous state time period.  Id.  In
25  determining the presumption for laches, the limitations period runs from the time the plaintiff

[1] According to Plaintiffs' Amended Complaint, Plaintiffs learned of HIDE Venezuela's application to register the Aristocrat design mark and trade name in Venezuela in December 2003.  On July 30, 2004, HIDE Venezuela was granted the trademark and trade name registration for the Aristocrat design mark in Venezuela. (Am. Compl. (#18) ¶¶27-30).  Plaintiffs filed suit in this Court on August 3, 2007.

4

1  knew or should have known about his cause of action. Id.

2        As noted above, the Moving Defendants argue that the Court should look to NRS
3  §11.190(3) to determine the presumption for laches in this case. (Defs.' Mot. (#42) 2). NRS
4  §11.190(3) provides for a three-year statute of limitations for actions involving fraud, and the
5  Moving Defendants rely on Reno Air to support their position that the three-year statute of
6  limitations should apply. In Reno Air, as here, the Plaintiff alleged trademark infringement
7  under 15 U.S.C. §1114(1)(a) as well as unfair competition under 15 U.S.C. §1125(a). Reno
8  Air, 452 F.3d at 1129. The Defendant asserted that the doctrine of laches should apply to bar
9  the Plaintiff's claim, and the court specifically noted that the parties in that case had agreed
10 that the three-year limitation period in NRS §11.190(3) should apply to determine the
11 presumption for laches. Id. at 1139. Notably, as Plaintiffs in this case point out, the court in
12 Reno Air did not specifically hold that the applicable statute of limitations for a Lanham Act
13 claim is three years under NRS §11.190(3). Id. Rather, the Reno Air court accepted the
14 parties' understanding without discussion, and undertook its analysis of the laches issue based
15 on the fact that the parties agreed that the three-year period should apply. Id.

16       By contrast, Plaintiffs in this case argue that the Court should look to the four-year
17 statute of limitations in NRS §11.190(2) for actions involving deceptive trade practices in
18 violation of NRS §598.0903 to 598.0999. (Pl.'s Opp'n (#48) 4). They argue that both the
19 Lanham Act and Nevada's deceptive trade practices statute are "designed to prevent
20 consumer confusion and deception in the marketplace with respect to the source, sponsorship,
21 approval, affiliation, connection, or association of goods and services" and therefore Nevada's
22 four-year statute of limitations for deceptive trade practices is the most closely analogous.
23 Id. at 5. This Court agrees. A review of the Lanham Act provisions regarding trademark
24 infringement and Nevada's deceptive trade practices statute reveals that the two are indeed
25 analogous and appear to address similar wrongs including the false or deceptive use of
26 another's mark or product.[2] Therefore, the Court will apply the four-year limitations period to

27

28

---

[2]In comparison, NRS §11.190(3) addresses more general claims regarding fraud or mistake.

1    determine whether laches is applicable in this case.

2          According to the Ninth Circuit, the limitations period runs from the time the plaintiff

3 "knew or should have known about...his cause of action." Jarrow, 304 F.3d at 838. "This

4 principle is grounded in the fact that laches penalizes inexcusable dilatory behavior." Id. In

5 this case, it is not clear from the Amended Complaint when Plaintiffs discovered that

6 Defendants had been improperly using the mark or when Plaintiffs knew of should have known

7 about their cause of action. However, even accepting the Moving Defendants' assertion that

8 Plaintiffs discovered the offending use in December 2003, the suit was filed on August 3,

9 2007, within the four-year statute of limitations period. Based on the foregoing, the Court will

10 presume that laches is inapplicable.

11          Even though the Court has presumed that Plaintiff's suit was timely filed, laches may

12 still apply if the Moving Defendants can show they suffered prejudice as a result of the

13 Plaintiff's unreasonable delay in filing suit. See Jarrow, 304 F.3d at 835. In this case, there

14 is no evidence that Plaintiffs knew of Defendants' alleged infringement until December 2003,

15 when Plaintiffs discovered that Defendants had applied in Venezuela to register Aristocrat's

16 trade name and design mark.   (Am. Compl. (#24) ¶27).   In response to Plaintiffs'

17 communications regarding this application, Defendants allegedly represented that they would

18 assign the trademark to Plaintiffs once it was granted. Id. ¶28. The Venezuelan government

19 did not grant the registration until July 30, 2004, and Plaintiffs appear to have become

20 completely aware of the infringement in May 2006, when the Venezuelan government began

21 to restrict the import of Plaintiff's products into Venezuela. Id. ¶¶30-32. Plaintiffs then filed

22 suit in August 2007.  These facts indicate that any purported delay in filing suit was not

23 unreasonable, as Plaintiffs were allegedly given assurances by Defendants that they would

24 assign the trademark once it was registered.  Additionally, the Moving Defendants have not

25 shown any prejudice as a result of the alleged delay. Based on the foregoing, the Court finds

26 that the Moving Defendants have not shown that the doctrine of laches applies to bar Plaintiffs'

27 complaint and their motions to dismiss are therefore denied.

28

1
2
## IV.  CONCLUSION

3    IT IS HEREBY ORDERED that HIDE Nevada's and Adams' Motion to Dismiss Case
4 not Commenced within Three Years (#42) is DENIED.

5    IT IS FURTHER ORDERED that Acosta's Motion to Dismiss Case not Commenced
6 within Three Years (#45) is DENIED.

7
     DATED: This 22nd day of June, 2009.
8
9
10
     _____
     UNITED STATES DISTRICT JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7